ORDERED.

Dated: July 08, 2021

Michael G. Williamson
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
www.flmb.uscourts.gov

In re:                                                                 Case No. 8:21-bk-00244-MGW
                                                                       Chapter 13

ANTHONY KATHARTIS ATKINS
Debtor(s)[1]
_____/

**ORDER DENYING CONFIRMATION AND DISMISSING CASE**
**(THIS ORDER IS EFFECTIVE ON THE 15TH DAY FOLLOWING DATE OF ENTRY)**

THIS CASE came on for a confirmation hearing on June 21, 2021 to consider confirmation of the proposed Chapter 13 Plan. The Court finds that dismissing this case is in the best interests of creditors and the estate.

Accordingly, it is

**ORDERED:**

1.    This case is DISMISSED without prejudice effective on the 15th day following the date of entry of this Order.

2.    If the automatic stay imposed by 11 U.S.C. § 362(a) or the stay of an action against a codebtor under 11 U.S.C. § 1301 is in effect at the time this Order is entered, the automatic stay shall remain in effect for 14 days from the date of this Order, notwithstanding the provisions of 11 U.S.C. § 362(c)(2)(B).

---

[1] All reference to "Debtor" shall include and refer to both of the Debtors in a case filed jointly by two individuals.

      3.      Debtor may convert this case to a case under another chapter of the Bankruptcy Code within 14 days of the date of this Order. If the case is not converted within 14 days, the case is dismissed effective on the 15th day after the date of entry of this Order.

      4.      If Debtor files a motion to vacate or for reconsideration of the Order Dismissing the Case within 14 days of the date of this Order, the automatic stay imposed by 11 U.S.C. § 362 and the stay of action against codebtor under 11 U.S.C. § 1301 shall remain in full force and effect until the Court rules on the motion.

      5.      All pending hearings are canceled with the exception of any scheduled hearing on a motion for relief from stay that is currently scheduled for hearing within 14 days of the date of this Order or on an Order to Show Cause over which the Court hereby reserves jurisdiction.

      6.      Notwithstanding any other Court orders, the Trustee shall return to Debtor, or if Debtor is represented by an attorney, to Debtor in care of Debtor's attorney, any remaining funds on hand not previously disbursed and shall thereafter file the Trustee's final report. Upon the filing of the final report, the Trustee will be discharged of all duties as Trustee.

      7.      Debtor, the Trustee, or any party in interest may, within 14 days of the date of this Order, file a motion requesting the Court to examine the fees paid to Debtor's attorney and for the disgorgement of any portion of the fees deemed excessive. The Court shall retain jurisdiction for this purpose.

      8.      The Court reserves jurisdiction to determine timely filed applications for administrative expenses.

Trustee Kelly Remick is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.
KR/LMG/jmn                                                                                 C13T 7/8/21